In re GLOBO COMUNICACOES
E PARTICIPACOES S.A.,
Debtor,

GMAM Investment Funds Trust I, Foundation for Research, & WRH Global Securities Pooled Trust, Petitioning Creditors/Appellants,

v.

Globo Comunicacoes e Participacoes S.A., Appellee.

No. 04 Civ. 2818(VM).

United States District Court,
S.D. New York.

Dec. 23, 2004.

Bonnie K. Steingart, Fried, Frank, Harris, Shriver & Jacobson, New York City, for GMAM Investment Funds Trust I, Foundation for Research, WRH Global Securities Pooled Trust.

Sean Mack, Debevoise & Plimpton LLP, New York City, for Globo Communicacoes E., Participacoes S.A.

### DECISION AND ORDER

MARRERO, District Judge.

By letter dated December 20, 2004, counsel for Appellee Globo Comunicacoes e

Participacoes ("Globopar") seeks leave to move for the Court's certification of the Court's November 17, 2004 Decision and Order [1] in this case for interlocutory appeal to the United States Court of Appeals for the Second Circuit.[2] That Decision and Order vacated the Bankruptcy Court's dismissal of Appellants' involuntary bankruptcy petition brought against Globopar ("the Petition") and remanded the Petition to the United States Bankruptcy Court for the Southern District of New York for further proceedings consistent with the decision. *See In re Globo*, 317 B.R. at 235. By letter dated December 21, 2004, counsel for Appellants objected to Globopar's proposed request for certification of its interlocutory appeal of the Decision and Order.

Under 28 U.S.C. § 1292(b), the Court is authorized to certify for appeal an interlocutory order otherwise not appealable if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." Because there is no substantial ground for difference of opinion concerning the controlling questions addressed by the Decision and Order, and because there is no reasonable likelihood that an appeal from the Decision and Order would advance the termination of the litigation, the Court construes Globopar's letter as a motion for certification under 28 U.S.C. § 1292(b) and denies it. Neither the parties' nor the Court's interests in expeditiously resolving this litigation would be served by requiring an additional round of briefing on whether an interlocutory appeal should be permitted at this nascent stage of the proceedings.

The Court turns first to the question of whether there is substantial ground for difference of opinion concerning the controlling questions of law addressed by the Decision and Order. In the Decision and Order, the Court concluded that the Bankruptcy Court improperly dismissed the petition pursuant to 11 U.S.C. § 105(a), which authorizes bankruptcy courts to "*sua sponte*, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." It found that the Bankruptcy Court had improperly used the abuse of process provision of 11 U.S.C. § 105(a) to dismiss the Petition, and further directed the Bankruptcy Court to develop a factual record necessary for it to properly evaluate: its power to assert personal jurisdiction over Globopar; whether the case should be dismissed pursuant the discretionary abstention provision contained in 11 U.S.C. § 305(a)(1); and whether the doctrine of *forum non conveniens* supports dismissal of Appellants' petition. *See In re Globo*, 317 B.R. at 241. It also necessarily decided that Globopar was eligible under Section 109 of the Bankruptcy Code to serve as a debtor, that the Bankruptcy Code authorized an involuntary debtor to serve as a debtor-in-possession, and that the "no action" clause contained in the Trust Deeds signed by Appellants did not clearly bar the Petition, in reaching the conclusion that the Bankruptcy Court improperly dismissed the petition pursuant to Section 105(a). *See id.* at 248–50.

◼ The Court is not persuaded that there is "substantial ground for difference

---

1. The Decision and Order is reported as *In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235 (S.D.N.Y.2004).

2. Globopar seeks this certification pursuant to 28 U.S.C. § 1292(b).

of opinion" on these rulings. Numerous opinions construing the scope of Section 105(a), many of which were cited by the Decision and Order, *see* 317 B.R. at 247, establish that the "abuse of process" provision may be used by bankruptcy courts to dismiss a bankruptcy petition only where the petition is truly abusive. Provisions of the Bankruptcy Code enumerated in the Decision and Order specifically authorize Appellants, acknowledged substantial creditors of Globopar, to file an involuntary bankruptcy petition against the company and have Globopar adjudicated an involuntary debtor-in-possession, and there is no evidence of Appellants' bad faith on the present record. The law governing interpretation of ambiguous contractual provisions such as the "no action" clause is similarly clear. There is thus no "substantial ground" for disputing the Court's conclusion that the Bankruptcy Court's dismissal of the entire Petition on Section 105(a) grounds was improper at this stage of the proceedings.[3]

The Court recognizes that Appellants' petition represents a novel use of the Bankruptcy Code to assert federal judicial authority over foreign debtors. It is further mindful that the Bankruptcy Court would reach relatively uncharted legal territory if, after sufficient factfinding procedures, it concluded that it may assert personal jurisdiction over Globopar and "should not apply other recognized absten-tion doctrines grounded on comity or public policy...." *In re Globo*, 317 B.R. at 250. Even the legal standard that the Bankruptcy Court ought to apply to its personal jurisdiction analysis, if and when it reaches that question upon remand, could be reasonably subject to dispute. But the Bankruptcy Court should have the opportunity to develop more facts and apply the legal standards articulated by the Decision and Order in the first instance before they are tested on appeal. As the Decision and Order indicates, it may be possible for the Bankruptcy Court to resolve this litigation under established legal rules without ultimately resorting to novel legal theories "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

■ The Court also concludes that an interlocutory appeal would be unlikely to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Decision and Order found that the Bankruptcy Court had failed to develop a record sufficient for this Court "to properly evaluate many of the arguments presented by Appellants and Globopar on appeal." *In re Globo*, 317 B.R. at 241. On appeal, the Second Circuit would be faced with the same inadequate record, and would be thus be unable to issue dispositive rulings on the novel legal questions raised by Appellants' Petition, without itself remanding to the Bankruptcy

---

3. Globopar may believe that the Bankruptcy Court's dismissal order, which referenced a somewhat spotty hearing transcript in which the Bankruptcy Court issued rulings on the record, relied on grounds independent of Section 105(a) in dismissing the Petition. But even if the Court agreed with Globopar's assertions in its Appellee Brief that the Bankruptcy Court had also relied on doctrines of personal jurisdiction and *forum non conveniens* in reaching the conclusion that the Petition should be dismissed, remand would still be proper. The Bankruptcy Court did not hold any proceedings necessary for it to properly ascertain whether Globopar had the requisite "minimum contacts" with the United States to support the Bankruptcy Court's assertion of personal jurisdiction over the company. Nor did the Bankruptcy Court apply the clearly-established legal standard for evaluating motions to dismiss on *forum non conveniens* grounds, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), either in the hearing or elsewhere, in determining that the Petition should be dismissed.

Court for further proceedings. The only issue truly ripe for the Second Circuit's review is the Court's determination that dismissal on the basis of Section 105(a) was improper at this stage of the proceedings. As stated above, there is no substantial ground for difference of opinion on this issue. Thus, an interlocutory appeal of the Decision and Order would simply interpose unnecessary delays and would fail to materially advance the ultimate termination of the Petition.

The parties should direct further argument on the issues raised by the Decision and Order to the Bankruptcy Court in the first instance.

For the reasons stated, it is hereby:

**ORDERED** that the request of Appellee Globo Comunicacoes e Participacoes for leave to file a motion to certify for immediate appeal to the United States Court of Appeals for the Second Circuit the Court's Decision and Order dated November 17, 2004, which the Court treats as a motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), is hereby denied.

**SO ORDERED.**